Jones v. Vail.

SAMUEL JONES v. STEPHEN VAIL.

New trial applied for on the ground that a witness for the defendant made statements in the hearing of some of the jury which might have influenced the verdict, but refused, as it appears that there was no evil intention, that the defendant had no concern in the transaction and that the verdict was satisfactory to the court.

This was an action of assumpsit, tried before Mr. Justice BROWN at the Morris Circuit Court. A verdict having been rendered for the defendant, a rule to show cause why there should not be a new trial was allowed, which was argued at June term, 1862, by *Theodore Little,* for the plaintiff, and *Vanatta,* for defendant, before Justices HAINES, VAN DYKE, and ELMER. The CHIEF JUSTICE, having been counsel in the case, did not sit.

The opinion of the court was delivered by

ELMER, J. The first ground relied upon for a new trial· was that the verdict was against the weight of evidence. A careful examination of the evidence has satisfied me that the verdict was correct. It may be added that it was satisfactory to the judge who tried the case, and that the rule to show cause was not allowed because of any doubt on this question.

The second reason urged, namely, that the jury was improperly influenced by the conversation of a person acting as the agent of the defendant, or intimately connected with him, presents a question of more difficulty. Was it fully supported by the depositions produced to prove it, or was there reason to suspect that what took place was in any way produced, or even connived at, by the party in whose favor the verdict was rendered, there could be no hesitation in submitting the case to the decision of another jury. The duty of guarding trials by jury from all improper influences is too important to allow us to overlook any attempt to interfere with them.

It appears that a prominent witness for the defendant, who had been selected as an assignee, and thus became connected with some of the transactions drawn in question, entered into conversation with a friend, on the piazza of the hotel, during the progress of the trial, and made some statements which, if heard and understood by the jury, might have influenced their decision. Two of the jurors were present, and heard, or might have heard, more or less of this conversation. It satisfactorily appears, however, that it was an accidental conversation, and that there was no design to influence the decision of the jury; and it is quite uncertain whether either of the jurymen present heard enough to produce any effect. There is no reason to suspect that the defendant had the slightest participation in the occurrence, directly or indirectly, and what is perhaps more important, there was no evil result, the verdict actually rendered being warranted by the evidence. No improper conduct is imput-

able to any of the jurymen. Had the verdict been of even doubtful propriety, it might be proper to interfere, even at the risk of occasioning great hardship to an innocent party ; but as the case is presented, I think the verdict should stand, and the rule to show cause be discharged.

Rule discharged.